# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:14cv120

| | |
|---|---|
| JASON BODNAR, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KELLY D. JACKSON, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion for Joinder [# 14]. Plaintiff brought this action against Defendant asserting claims for breach of contract, fraud, and unfair and deceptive trade practices. All of these claims arise out of Plaintiff's purchase of a dental practice from Defendant. In response to the Complaint, Defendant asserted counterclaims against Plaintiff for breach of contract, quantum meruit, and unfair and deceptive trade practices. Defendant now seeks to join Joseph C. Kerner as a plaintiff pursuant to Rules 19(a), 20, and 21 of the Federal Rules of Civil Procedure. The Court **DENIES** the motion [# 14].

    **I.**    **Analysis**

The joinder of a necessary party is governed by Rule 19 of the Federal Rules of Civil Procedure. Rule 19 constitutes an exception to the general rule that a

plaintiff may decide the parties to a legal action. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1602 (3rd ed. 2001); Fed. R. Civ. P. 19.  Rule 19 is designed to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations."  7 Wright, Miller & Kane, <u>supra</u>, § 1602 (footnote omitted).  Rule 19 provides that the Court must join a person subject to service of process where joinder will not deprive the Court of subject matter jurisdiction if:

    (A)    in that person's absence, the court cannot accord complete relief among existing parties; or
    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
        (i)    as a practical matter impair or impede the person's ability to protect the interest; or
        (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In contrast to Rule 19, Rule 20 addresses the permissive joinder of parties that are not necessary to the resolution of the action.  Fed. R. Civ. P. 20.  "Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Wright, Miller & Kane, <u>supra</u>, § 1652 (footnote omitted).  Courts have wide

discretion under Rule 20 in whether to allow the permissive joinder of parties. Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007).  In exercising their discretion, courts must construe Rule 20 in light of its purpose, which "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  7 Wright, Miller & Kane, supra, § 1652; Aleman, 485 F.3d at 218 n.5.

Here, Defendant moves to add third party Joseph C. Kerner as a Plaintiff to this action pursuant to either Rule 19 or Rule 20.  Defendant contends that Kerner is necessary to this action because he was in some type of partnership with Plaintiff at the time Plaintiff purchased Defendant's dental practice.  In support of its contention, Defendant has attached an email from Kerner in which he purports to have some type of role in the transaction. (Ex. A to Memo Support Mot. Joinder.) Defendant, however, has failed to demonstrate that Kerner is a necessary party to this action and joinder is required under Rule 19.

As a threshold matter, Kerner is neither a party nor a third party beneficiary to the contract at issue.  (Practice Purchase Agreement at p. 1.)  The contract was entered into between Plaintiff and Defendant.  (Id.)  No partnership or other entity was a party to the contract.  (Id.)  Thus, Kerner would not have standing to assert a breach of contract claim against Defendant.  See Meyer v. McCarley & Co., Inc.,

215 S.E.2d 583, 588-89 (N.C. 1975); Town of Highlands v. Hendricks, 596 S.E.2d 440, 484 (N.C. Ct. App. 2004).

Similarly, Kerner's presence as a plaintiff in this action is not necessary to resolve the fraud or unfair deceptive practices act claims. Both claims are based on the alleged misrepresentations contained in the Practice Purchase Agreement. (Pl.'s Compl. ¶¶ 47, 52.) Plaintiff contends that he was harmed by these misrepresentations because he was allegedly deceived by Defendant into purchasing Defendant's dental practice pursuant to the terms in the Practice Purchase Agreement. (Id. ¶¶ 47, 51-52.) Again, as the plain and unambiguous terms of the Practice Purchase Agreement make clear, Kerner was not a party to the agreement, and, as a non-party to the contract, was not directly harmed by any alleged misrepresentation contained within the agreement. Even if Kerner and Plaintiff had some separate agreement between themselves whereby Kerner agreed to fund the purchase of Defendant's dental practice, this would not make him a necessary party to resolving Plaintiff's claims against Defendant. The Court can accord complete relief among the existing parties without Kerner being added as a party. Moreover, the evidence before the Court does not suggest that Kerner has an interest in the subject of this litigation. Even assuming Kerner does have such an interest, disposing of the claims in Kerner's absence will not impair or impede

his ability to protect his interest, and it will not leave Defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Kerner's interest. Finally, the Court declines to exercise its discretion under Rule 20 to add Kerner as a party, especially in light of the fact that Kerner himself has expressed no interest in being part of this litigation, and it does not appear to the Court that he would even have standing to assert some of the claims. Kerner's presence as a plaintiff would only serve to confuse the issues and hinder the efficient resolution of this dispute.

Although joinder of Kerner as a plaintiff to this action is not required under Rule 19 and is not proper under Rule 20 based on the grounds raised by Defendant in its pleadings, the Court takes no position as to whether the joinder of Kerner would be proper under Rule 20 so that Defendant could assert a crossclaim pursuant to Rule 13 against Kerner for unfair and deceptive trade practices as it appears that Defendant has attempted to do in its Answer and Counterclaim.[1] (Def.'s Counterclaim ¶¶ 15-20.)

---

1 Although the Counterclaim asserts a claim for unfair and deceptive trade practices, the viability of such a claim is questionable at best, as it seems unlikely that the factual allegations in the Counterclaim demonstrate the type of substantial aggravating circumstances surrounding Plaintiff's alleged breach of the Practice Purchase Agreement to state a claim. See e.g. Radchyshyn v. Allstate Indem. Co., Civil No. 1:14-cv-00169-MR-DLH, 2014 WL 4406994 (W.D.N.C. Sept. 8, 2014); Lawhead v. PNC Bank, Civil No. 1:13-cv-00198-MR-DLH, 2014 WL 1266995 (W.D.N.C. Mar. 26, 2014). In fact, neither party's unfair and deceptive trade practices claim would likely survive a Rule 12(b) motion to dismiss.

## II. Conclusion

The Court **DENIES** the Motion for Joinder [# 14].

Signed: October 23, 2014

Dennis L. Howell
United States Magistrate Judge